IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Evelyn Thompson and Tim Grace        Case No

v.

Thomas Landis, Esq. d/b/a Law Office
of Thomas Landis, Lawrence Weil, and
Pinnacle Credit Services, LLC, APM Financial
Solutions, LLC

## COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual to redress the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and common law related tort claims.

2. Evelyn Thompson and Tim Grace are Pennsylvania consumers.

3. Defendants engaged in abusive and intrusive collection practices including false threats of suit, wage garnishment and disclosure of the alleged debt to an unauthorized third party.

4. Defendants' abusive and intrusive conduct caused Plaintiffs' pain and suffering, emotional distress, anxiety, humiliation, fright, grief, anger, worry and unjustified invasion of privacy.

5. Congress stated in enacting the Fair Debt Collection Practices Act (15 U.S.C. § 1692):

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

7. Plaintiffs are natural persons who reside in Somerset County, Western District of Pennsylvania.

8. Plaintiffs are consumers within the FDCPA.

9. Plaintiff Tim Grace allegedly incurred a debt within the FDCPA.

10. Defendant Thomas Landis, Esq., d/b/a Law Office of Thomas Landis ("Landis") is a natural person and member of the Pennsylvania Bar with his principal place of business at Four Greenwood Square, Suite 220, 3325 Street Road, Bensalem, Pennsylvania. Defendant Landis regularly collects debts on behalf of others and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Upon information and belief, Landis set and approved the policies, practices and procedures of his office.

12. Upon information and belief, Landis knew of and approved, directed or ratified the unlawful activities alleged herein.

13. Defendant Pinnacle Credit Services, LLC is a limited liability company operating from an address of 7900 Hwy 7, St. Louis Park, Minnesota 55426 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Upon information and belief, Pinnacle retained Landis and Landis and Pinnacle share the collection employee staff that attempts to collect debts.

15. Pinnacle is liable for the actions of Defendant Landis and their shared staff.

16. Defendant Lawrence Weil is a natural person and President of APM Financial Solutions, LLC. Upon information and belief Weil manages, controls, trains and supervises the collectors shared by Pinnacle, APM and Landis. Upon information and belief, Weil set and approved the policies, practices and procedures of Pinnacle, APM and Landis. Defendant Weil is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

17. Defendant APM Financial Solutions, LLC ("APM") is a Delaware Limited Liability Company operating from an address of Four Greenwood Square, Suite 220, 3325 Bensalem, Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Upon information and belief, Landis and APM share the collection employee staff that attempts to collect debts.

19. APM is liable for the actions of Landis and their shared staff.

20. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector" without further qualification is meant by these Plaintiffs to refer to each Defendant named above, and or to other individual employees or agents of these Defendants whose names are not yet known. Each of these Defendants is an agent and/or employee of one another, and was acting in the scope of that agency and/or employment when performing the acts or omissions noted herein, and has authorized, approved and/or ratified the unlawful acts herein.

## IV. FACTS

21. On November 5, 2008, at approximately 10:21 am, the following message was left on Plaintiffs' answering machine: "Uh, Mr. Timothy Grace or Evelyn Thompson, Ken Long is calling here from Attorney Tom Landis's office. My number here is 1-800-853-4000, extension 151."

22. Evelyn heard this message between 12 and 1 pm.

23. Evelyn called back asking to speak with Ken Long. Evelyn was told he was out of the office and Daryl Fox got on the phone. Fox asked if Evelyn was Tim's wife. Evelyn said no. Fox asked if they lived together. Evelyn said they did. Fox then said they were considered married under common law and he could speak with her about Tim's debt.

24. Fox disclosed Tim's alleged debt to Evelyn and threatened suit and wage garnishment if payment was not made.

25. Plaintiffs, later that evening, received a fax, which is attached hereto as "Exhibit A."

26. On November 6, 2008, Evelyn called Fox's extension around 2 pm. He answered the call. Evelyn told him she was not legally married to Tim and Fox should not have given her information about Tim's alleged debt. Fox said, "No, you are common law married." Evelyn thought Fox might be correct since she was under the impression she was calling a law office. Not wanting to fight with him, Evelyn agreed. Fox became more pushy and aggressive. Fox told Evelyn if she did not put something down and show good faith, legal proceedings would be instituted and Plaintiffs would have to pay Defendants' attorney fees and Tim's wages would be garnished. Fox said he would need a payment of at least $100.

27. Evelyn began to cry. Fox said, "Come on, come on, hurry up." Fox was very aggressive and then he put Evelyn on speakerphone. Evelyn heard another person in the background mocking her, saying "boo-hoo." Evelyn told Fox she did not appreciate the other gentleman in the room and Fox said that no one else was in the room except for his 62 year old secretary. Fox then told Evelyn to get a hold of herself. Scared and worried that Tim's wages would be garnished, Evelyn provided Fox with banking information so that he could withdraw $100.

28. Thereafter, Evelyn called her bank to stop payment on the check.

29. Ken Long then called Evelyn telling her, "I have your case here." He thanked Evelyn for the payment. Evelyn told him the payment was cancelled.

30. Defendants' communications created a false sense of urgency and implicated Court and legal involvement that had not been taken and/or threats of legal action that were not intended to be taken.

31. Based upon information and belief, at the time Defendants communicated their telephone messages and sent the letter attached as "Exhibit A," no attorney reviewed the subject account, nor had any attorney exercised independent professional judgment with respect to the alleged debt.

32. The telephone calls falsely implied that an attorney was involved with respect to the subject account.

## V. FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

34. In the collection efforts, Defendant violated the FDCPA, *inter alia*, §1692c(b), 1692d, 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g.

35. As a result of Defendants' illegal collection activities, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k *et seq*.

## VI. SECOND CAUSE OF ACTION
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36. Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

37. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, private affairs and concerns.

38. Defendants intruded into Plaintiffs' solitude, seclusion, private affairs and concerns.

39. Defendants' intrusion would be highly offensive to a reasonable person.

40. Plaintiffs were harmed by Defendants' conduct including harm to their interest in privacy and mental distress as a result of the invasion of their privacy.

41. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

42. Defendants' conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## VII. THIRD CAUSE OF ACTION NEGLIGENCE PER SE

43. Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

44. Defendants violated a statute or ordinance, namely the Pennsylvania Fair Credit Extension Uniformity Act and the Fair Debt Collection Practices Act.

45. Defendants' violation proximately caused injury to Plaintiffs.

46. Plaintiffs' injury resulted from an occurrence of the nature which the statute or ordinance was designed to prevent.

47. Plaintiffs are of the class of persons for whose protection the statute or ordinance was adopted.

48. Defendant's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief from Defendants:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Plaintiff's reasonable attorney fees;

E. Costs; and

F. For such other and further relief as the Court may deem just and proper.

JEFFREY L. SUHER, P.C.

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
lawfirm@jeffcanhelp

Attorney for Plaintiff

**JURY TRIAL DEMANDED**