**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Evelyn Thompson and Tim Grace, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:09-cv-00109-KRG |
| | : | |
| Thomas Landis, Esq. d/b/a Law Office of Thomas Landis, Lawrence Weil, Pinnacle Credit Services, LLC, and APM Financial Solutions, LLC, | : : : : | |
| | : | |
| Defendants. | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' COMPLAINT**

Defendants, Thomas Landis, Esq. d/b/a Law Office of Thomas Landis ("Landis"), Lawrence Weil ("Weil"), Pinnacle Credit Services, LLC ("Pinnacle"), and APM Financial Solutions, LLC ("APM") (Landis, Weil, Pinnacle and APM shall be referred to collectively as the "Defendants"), by and through their counsel, Metz Lewis LLC, file this Answer and Affirmative Defenses as follows.

### I.  INTRODUCTION

1.  Admitted in part and denied in part. It is admitted only that this action purports to be brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and Pennsylvania common law. The Defendants deny any violations of the FDCPA or common law or that Evelyn Thompson and Tim Grace (the "Plaintiffs") suffered any damages.

2.  Admitted.

3. Denied. The allegations set forth in paragraph 3 of the Plaintiffs' Complaint contains conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

4. Denied. The allegations set forth in paragraph 4 of the Plaintiffs' Complaint contains conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

5. Admitted in part and denied in part. It is admitted only that paragraph 5 appears to recite § 1692 of the FDCPA. It is denied that the cited section of the FDCPA has any relevance to the instant action.

## II.   JURISDICTION

6. Denied. The allegations set forth in paragraph 6 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

## III.   PARTIES

7. Admitted.

8. Denied. The allegations set forth in paragraph 8 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

9. Denied. The allegations set forth in paragraph 9 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

10. Admitted in part and denied in part. It is admitted only that Thomas Landis is a natural person and member of the Pennsylvania Bar and that he has a place of business at the address listed. The balance of the allegations set forth in paragraph 10 constitute conclusions of law and legal argument to which no response is required.

11. Denied. The allegations set forth in paragraph 11 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

12. Denied. The allegations set forth in paragraph 12 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

13. Admitted in part and denied in part. It is admitted that Pinnacle is a limited liability company and has a place of business at the address listed. The balance of the allegations set forth in paragraph 13 constitute conclusions of law and legal argument to which no response is required.

14. Denied.

15. Denied. The allegations set forth in paragraph 15 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

16. Admitted in part and denied in part. It is admitted that Weil is a natural person and President of APM Financial Solutions, LLC. The balance of the allegations set forth in paragraph 16 constitute conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

17. Admitted in part and denied in part. It is admitted that APM is a Delaware Limited Liability Company and has a place of business at the address listed. The balance of the allegations set forth in paragraph 17 constitute conclusions of law and legal argument to which no response is required.

18. Denied. The allegations set forth in paragraph 18 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

19. Denied. The allegations set forth in paragraph 19 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

20. Denied. The allegations set forth in paragraph 20 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

### IV.   ALLEGED FACTS

21. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore said allegations are denied and strict proof is demanded at trial.

22. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore said allegations are denied and strict proof is demanded at trial.

23. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and therefore said allegations are denied and strict proof is demanded at trial.

24. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and therefore said allegations are denied and strict proof is demanded at trial.

25. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore said allegations are denied. In addition, it is also denied that there is a copy of a fax attached to the Complaint or that the Complaint contains an attached "Exhibit A".

26. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore said allegations are denied and strict proof is demanded at trial.

27. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and therefore said allegations are denied and strict proof is demanded at trial.

28. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and therefore said allegations are denied and strict proof is demanded at trial.

29. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and therefore said allegations are denied and strict proof is demanded at trial.

30. Denied. The allegations set forth in paragraph 30 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

31. Denied. The allegations set forth in paragraph 31 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied. By way of further response, it is denied that there is a copy of a letter attached to the Complaint or that the Complaint contains an attached "Exhibit A."

32. Denied. The allegations set forth in paragraph 32 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

## V.   FIRST CAUSE OF ACTION
## ALLEGED VIOLATIOINS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. The averments contained in Paragraphs 1 through 32 are incorporated by reference as if set forth at length herein.

34. Denied. The allegations set forth in paragraph 34 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

35. Denied. The allegations set forth in paragraph 35 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

## VI.  SECOND CAUSE OF ACTION
## ALLEGED INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.     The averments contained in Paragraphs 1 through 36 are incorporated by reference as if set forth at length herein.

37.     Denied.  The allegations set forth in paragraph 37 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

38.     Denied.  The allegations set forth in paragraph 38 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

39.     Denied.  The allegations set forth in paragraph 39 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

40.     Denied.  The allegations set forth in paragraph 40 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

41.     Denied.  The allegations set forth in paragraph 41 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

42.     Denied.  The allegations set forth in paragraph 42 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

## VII.   THIRD CAUSE OF ACTION
## ALLEGED NEGLIGENCE PER SE

43.   The averments contained in Paragraphs 1 through 42 are incorporated by reference as if set forth at length herein.

44.   Denied. The allegations set forth in paragraph 44 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

45.   Denied. The allegations set forth in paragraph 45 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

46.   Denied. The allegations set forth in paragraph 46 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

47.   Denied. The allegations set forth in paragraph 47 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

48.   Denied. The allegations set forth in paragraph 48 of Plaintiffs' Complaint contain conclusions of law and legal argument to which no response is required and therefore said allegations are denied.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Defendants, Thomas Landis, Esq. d/b/a Law Office of Thomas Landis, Lawrence Weil, Pinnacle Credit Services, LLC, and APM Financial Solutions, LLC, demand that the Complaint be dismissed with prejudice and all attorney's fees and costs assessed against the Plaintiffs, Evelyn Thompson and Tim Grace, and for such other and further relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses to Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the allegations of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny the sum and substance of the alleged communications set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

None of the communications alleged by Plaintiffs contain deception.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants deny that they made any false, misleading or unlawful statements to the Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants deny that they violated any sections or provisions of the FDCPA, invaded the privacy of the Defendants or that their acts or conduct constitute negligence per se.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs suffered no ascertainable loss of money, property; or any other damages.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs did not justifiably rely on any representations by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs have no standing to bring this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent any violation of the FDCPA occurred (which Defendants deny), it resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the Doctrine of Waiver and/or Estoppel.

**THIRTEETH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the doctrines of consent and privilege.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to assert additional defenses which may become available in the course of the continuing investigation and discovery of this case.

WHEREFORE, Defendants, Thomas Landis, Esq. d/b/a Law Office of Thomas Landis, Lawrence Weil, Pinnacle Credit Services, LLC, and APM Financial Solutions, LLC, demand that the Complaint be dismissed with prejudice and all attorney's fees and costs assessed against the Plaintiffs, Evelyn Thompson and Tim Grace, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**METZ LEWIS LLC**

Dated: July 10, 2009

/s/ James McNally
James McNally, Esquire
Pa. I.D. #78341
11 Stanwix Street, 18th Floor
Pittsburgh, PA  15222
Phone:  (412) 918-1100
jmcnally@metzlewis.com
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Evelyn Thompson and Tim Grace, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:09-cv-00109-KRG |
| | : | |
| Thomas Landis, Esq. d/b/a Law Office of Thomas Landis, Lawrence Weil, Pinnacle Credit Services, LLC, and APM Financial Solutions, LLC, | : : : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, James McNally, hereby certify that I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses electronically and/or by First-Class United States Mail, postage prepaid, on the date set forth below, addressed to:

Jeffrey L. Suher, Esquire
4328 Old William Penn Highway, Suite 2J
Monroeville, PA  15146
*(Counsel for Plaintiffs)*

Dated: July 10, 2009                              /s/ James McNally
                                                              James McNally, Esquire
                                                              Pa. I.D. No. 78341