UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: 3:~~08-213~~ 09-109

| | |
|---|---|
| EVELYN THOMPSON and TIM GRACE, | **Proposed Scheduling Order** |
| Plaintiffs, | |
| v. | |
| THOMAS LANDIS, ESQUIRE, et. al. | JUDGE KIM R. GIBSON |
| Defendants. | |
| | JURY TRIAL DEMANDED |

AND NOW, THIS **2nd** day of **September**, 2009 upon consideration of the Fed.R.Civ.P. 26(f) Report of the Parties and the Fed.R.Civ.P. Rule 16 Scheduling Conference held September 2, 2009, the following deadlines are set for the above captioned matter.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to the Post-Discovery Status Conference, or any other status conference, in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the Court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED, that compliance with the provisions of Local Rule 16.1.2.A. shall be completed as follows:

A. **INITIAL CASE MANAGEMENT PLAN**

1. This case is designated as a Track One Action as that term is defined in Local Rule 16.1.3.

2. The parties shall move to amend the pleadings or add new parties by:

   **October 2, 2009**

3. The parties shall make the required disclosures identified in Rule 26(a)(1)(A)(B)(C) and (D) on or before: **September 16, 2009**

The parties are reminded that under the rule a party shall make its initial disclosures based on the information then reasonably available to it and its not excused from making its disclosures because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.

4. Modifications of the times for, and extent of, any disclosures under Fed.R.Civ.P. 26(a) and 26(e)(1) shall be made by: **October 16, 2009**

5. The following limits on the scope of discovery shall apply: N/A.

6. The parties shall complete all act discovery by: **January 31, 2009**

All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery.

7. The parties shall complete all expert discovery **by March 19, 2010** . The parties shall make their disclosure of experts required by Rule 26(a)(2) by: **February 27, 2010** The depositions of all experts shall be completed by **March 19, 2010.**

8. The parties shall designate this case for arbitration, mediation, appointment of a special master, or other special procedure, if appropriate by: **November 1, 2009**

9. A Post-Discovery Status Conference is scheduled for: **February 2, 2010, at 10:00am**

The parties shall be prepared to discuss settlement and the possibility of using a method alternative dispute resolution. Seven days prior to the date of the Post-Discovery Status Conference, counsel and unrepresented parties are jointly responsible for submitting to the Court a proposed Final Scheduling Order that includes (1) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pre-trial statements should be filed; (3) dates by which motions in *limine* should be filed and responded to; (4) dates by which *Daubert* motions should be filed and responded to; (5) dates on which argument on *Daubert* motions and motions in limine should be heard; (6) date for the final pretrial conference; and (7) trial dates. *See* Exhibit "B" of Judge Gibson's Practice and Procedures.

10. The parties shall file any dispositive motions that are appropriate prior to the close of discovery on or before **April 1, 2010.** The nonmoving parties' response to any such motion is due on **April 14, 2010.** Deadlines for dispositive motions that are only appropriate after the close of discovery will be set at the Post-Discovery Status Conference. Failure to file a dispositive motion before the close of discovery will not act as a waiver of any right to file an appropriate motion after the close of discovery.

B. **MOTION PRACTICE**

1. **Motions Not Requiring Briefs**

No brief is required by either movant or respondent unless otherwise directed by the Court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a Post-Discovery Status Conference;

(c) To amend the Pleadings;

    (d) To file supplemental pleadings;

    (e) For a substitution of parties; and

    (f) To Compel discovery.

Any of the above-mentions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the Court. Briefs in support of a motion and briefs in opposition to a motion shall be limited to twenty-five (25) pages excluding tables.

### C.    **PROCEDURE GOVERNING DISCOVERY DISPUTES**

The Federal Rules of Civil Procedure allow for liberal discovery. In the absence of a privilege, relevancy is the test for determining whether material is discoverable. Fed.R.Civ.P. 26(b)(1). This rule is construed broadly and includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Discovery is not limited to the issues raised only in the pleadings, but rather is designed to define and clarify the issues. *Id.* At 351. Nor is discovery objectionable on the ground that the information sought would be inadmissible at trial, so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Additionally, should it be determined that, given the needs of the case, compliance with a discovery request would be burdensome or expensive, this will not necessarily be grounds for non production, but will impact on the Court's decision as to who must bear the cost of production.

_____
Kim R. Gibson
United States District Judge